IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES RICHARDS, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-13-1394 |
| § | |
| OFFICE OF VIOLENT SEX OFFENDER § | |
| MANAGEMENT, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM AND ORDER

Plaintiffs James Richards, Israel Escobar, Lonnie Vanzandt, John Alexander, Donald Barbee, Seth Hill, Daniel Frazier, David Dodson, Jerry Reed, and Jimmy Crews have each been designated sexually violent predators under the Texas Civil Commitment of Sexually Violent Predators Act ("SVP Act"), Tex. Health & Safety Code Ann. §841.001 et seq. (Vernon 2010), and civilly committed to the supervision of the State of Texas, Office of Violent Sexual Offender Management (OVSOM). Plaintiffs are now housed at the Southeast Texas Transitional Center[1] (STTC) in Houston, Texas, while undergoing treatment for their respective behavioral disorders. Plaintiffs filed this *pro se* suit under 42 U.S.C. § 1983 and were granted leave to proceed *in forma pauperis*. The complaint was originally filed in the Western District of Texas,

---

[1] STTC is a privately owned facility operated by Geo Corporation under contract with OVSOM. Geo is responsible for the day-to-day operations of STTC and the policies relating thereto.

Austin Division, where service of process was ordered upon Defendants. The case was transferred to this district on May 13, 2013.

In addition to OVSOM and STTC, the Complaint names fourteen persons as defendants in their individual and official capacities, including OVSOM executives, program specialists, caseworkers and treatment providers, and the Facility Director of STTC. The individual defendants are named in both their official and personal capacities. Plaintiffs seek compensatory and punitive damages, declaratory relief, and prospective injunctive relief.[2] (Compl. (Docket No. 1) at 26-31.)

Now before the Court are OVSOM's motion to dismiss (Docket No. 58) and Plaintiffs' motions for appointment of counsel (Docket Nos. 27, 129), to certify class (Docket No. 31), to consolidate (Docket No. 121), for judicial notice (Docket No. 122), and to strike (Docket No. 133).[3]

---

[2] Plaintiffs' Complaint closely resembles a complaint filed in the Northern District of Texas, Fort Worth Division, by another STTP civil detainee, Clarance D. Brown. See Brown v. Taylor, Case. No. 4:12-CV-698-A (N.D. Tex., filed Oct. 1, 2012)(Docket No. 1). On March 14, 2013, the District Court dismissed the Brown complaint with prejudice on screening under 42 U.S.C. § 1915 for failure to state a claim. Id. (Docket No. 17). That case is currently on appeal.

[3] Other pending motions will be considered in a separate memorandum.

1.  <u>OVSOM's Motion to Dismiss</u>

OVSOM moves to dismiss on the grounds that it is not a person amenable to suit under 42 U.S.C. § 1983, and because it is protected by sovereign immunity under the Eleventh Amendment of the Constitution of the United States. Plaintiffs concede that OVSOM is immune from claims for monetary damages under the Eleventh Amendment, but assert that OVSOM should not be dismissed entirely because Defendants are only seeking prospective injunctive and declaratory relief against OVSOM. (Docket No. 104.)

As OVSOM has pointed out, Eleventh Amendment immunity protects a state and its agencies from suit regardless of the relief sought. Neither equitable relief nor monetary damages are permitted. *See* <u>Lewis v. Univ. of Texas Medical Branch at Galveston</u>, 665 F.3d 625, 630 (5th Cir. 2011)) (per curiam). The Fifth Circuit has specifically held that "the jurisdictional bar applies regardless of the nature of the relief sought." <u>Id.</u> (quoting <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89 (1984). Additionally, the Supreme Court clarified that neither a state nor its agencies is a proper party under 42 U.S.C. § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989).

Plaintiffs do not dispute that Texas law designates OVSOM as a state agency "responsible for providing the appropriate and necessary treatment and supervision" for civilly committed sexually violent predators. Tex. Health & Safety Code § 841.007 (Vernon

3

2010). Nor do Plaintiffs show that OVSOM has waived its immunity for this case. Thus, because all of Plaintiffs' claims against OVSOM are barred under the Eleventh Amendment, OVSOM's motion to dismiss (Docket No. 58) is GRANTED.

2. <u>Plaintiffs' Motions for Appointment of Counsel</u>

Various Plaintiffs have filed a series of motions for appointment of counsel to represent them in this case. United States Magistrate Judge Andrew W. Austin of the Western District of Texas denied Plaintiff Richards's first such motion by Order in December, 2012. Plaintiff Richards filed a Supplemental Motion for Appointment of Counsel (Document No. 27) a week later, and he then filed objections to the Magistrate Judge's Order (Document No. 29) a couple of weeks later. Eight of the ten named Plaintiffs recently filed yet *another* "Renewed Motion for Appointment of Counsel" (Document No. 129), in which they attach letters from various of their state counsel for offenders who have represented one or more of Plaintiffs in their various civil commitment hearings.

As explained by Magistrate Judge Austin in his Order last December, civil rights complainants do not have a right to automatic appointment of counsel. <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 172-73 (5th Cir. 1991) (citing <u>Freeze v. Griffith</u>, 849 F.2d 172, 175 (5th Cir. 1988). Although a district court may

4

appoint counsel if such would advance the proper administration of justice, it will ordinarily only do so in exceptional circumstances. See 28 U.S.C. § 1915(d); Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982). When deciding whether appointment of counsel is warranted the court considers a number of factors, including: (1) the type and complexity of the case; (2) whether the indigent was capable of presenting his case adequately; (3) whether the indigent was in a position to investigate the case; and (4) whether the evidence would consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. Id.

Plaintiffs thus far have shown themselves capable of self representation. Although their essential complaints are not especially complex, they have filed numerous pleadings, motions, and briefs, complete with citations to legal authorities urged in support of their arguments, which demonstrate that at this stage of the litigation they are quite able adequately to state and to defend their interests and claims. As the case progresses, however, and especially if a trial becomes necessary, the Court *sua sponte* may then determine that the additional assistance of appointed counsel would be warranted to finalize investigations for trial, and to bring the skills of an attorney to the courtroom for selection of a jury, examination and cross-examination of witnesses, presentation of evidence, and the like. Accordingly,

Plaintiffs' Motions for Appointment of Counsel (Document Nos. 27 and 129), and Objections to the Order of Magistrate Judge Austin (Document No. 29), are all DENIED.

3.  <u>Motion to Certify Class</u>

Plaintiff Richards filed a Motion for Class Certification pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. (Docket No. 31.) Richards signed his application "On Behalf of all Plaintiffs," but Richards is not a licensed attorney admitted to practice in this Court and cannot represent other Plaintiffs. Even if all Plaintiffs had signed Richards's application, however, the analysis that follows applies to all.

Plaintiff asserts the class would be comprised of all persons similarly situated as legally adjudicated sexually violent predators confined in secure halfway houses, jails, TDCJ correctional facilities, intermediate sanction facilities and state psychiatric facilities in the State of Texas, which class would be composed of three sub-classes. (Docket No. 31 at 1-3.) The first sub-class would include all sexually violent predators currently imprisoned under Texas Health & Safety Code § 841.085 for violations of the terms of their supervision and/or treatment. The second would include newly committed sexually violent predators entering OVSOM supervision. (Id.) And the third sub-class would include sexually violent predators who have been placed in State

Psychiatric Facilities or Intermediate Sanction Facilities because of uncontrolled psychosis or medical/mental problems that prevent them from participating in the treatment program. (Id.) Neither Richards nor any of the named Plaintiffs identifies the particular sub-class of sexually violent predators to which he belongs and of which he ostensibly desires to become the class representative.

Richards argues that a class action should be certified because over 270 men in Texas are committed to the custody of the OVSOM, that they are all "subject to the same policies, practices and customs of the OVSOM" as Richards and his co-Plaintiffs, that they are all "subject to the same written, standardized requirements, rules and restrictions of the OVSOM" as Richards and his co-Plaintiffs, and that "[t]he claims are practically identical in every respect between the Plaintiffs and the entire class." Id. at 3-4.

As observed above, OVSOM is protected by sovereign immunity under the Eleventh Amendment, and must be dismissed from this action. All of the putative class's alleged common claims against OVSOM are removed from the case with OVSOM's dismissal and, contrary to Richards's argument, there is thus no risk of "inconsistent or varying adjudications for individual class members that would establish inconsistent or incompatible standards of conduct" with respect to those alleged "common claims." With the broadside attack against OVSOM and its "written, standardized

requirements, rules and restrictions" removed from the case, Plaintiffs' remaining complaints are against individual Defendants about specific conditions, treatment, or requirements imposed upon them. Plaintiffs' complaint, apart from the dismissed common claims against OVSOM, essentially alleges that personnel and treatment providers arbitrarily or unreasonably improvise various restrictions or requirements on a whim, which suggests the likelihood of widely varying individual actions with respect to civilly committed sexually violent predators, as well as variations between different facilities in Texas.

In sum, although there are numerous other reasons for not certifying a class action, it is sufficient here to observe that neither Richards nor any of his co-Plaintiffs has met the requirements of Rule 23(a) of numerosity, adequacy of representation, commonality, and typicality as against the varied Defendants remaining after OVSOM's dismissal. Accordingly, Plaintiffs' Motion for Class Certification (Document No. 31) is DENIED.

4. <u>Miscellaneous Additional Motions</u>

Joint Plaintiffs' Motion to Consolidate (Document No. 121), asking for consolidation with No. 4:13-CV-1392, <u>William Beasley, et al. v. Office of Violent Sex Offender Management, et al.</u>, is DENIED. The Honorable Keith Ellison, to whom the <u>Beasley</u> case is

assigned, on June 11, 2013, also denied consolidation of these two cases. Moreover, Beasley is at a different stage of proceedings, presently is on interlocutory appeal, and was administratively closed by Order dated August 5, 2013. Regardless, consolidation of this case with claims made by other civilly committed sexually violent predators would unduly complicate and delay the efficient administration of justice in this case.

Joint Plaintiffs' Motion for Judicial Notice (Document No. 122) is DENIED. The Court acknowledges, however, that Plaintiffs filed the extrinsic materials attached to the motion, and the Court accepts the submission as additional argument filed in support of Plaintiffs' several claims.

Joint Plaintiffs' Motion to Strike the Reply of Defendants Michael Wodkins, Debra Reed, and Dr. Nicholas Edd (Document No. 133) is DENIED. The local rules of the Western District of Texas do not apply here. In the interests of justice, the Court in its discretion accepts the reply briefs filed by Defendants Debra Reed and Michael Wodkins, and Defendant Dr. Nicholas Edd.

### Order

For the foregoing reasons, it is

ORDERED that Defendant Office of Violent Sex Offender Management's Motion to Dismiss (Document No. 58) is GRANTED, and all claims by all Plaintiffs against Defendant Office of Violent

Sex Offender Management are DISMISSED as barred by the Eleventh Amendment of the United States Constitution.  It is further

ORDERED that Plaintiffs' Motions for Appointment of Counsel, and Objections (Document Nos. 27, 29, and 129), Motion for Class Certification (Document No. 31), Motion to Consolidate (Document No. 121), Motion for Judicial Notice (Document No. 122), and Motion to Strike (Document No. 133) are DENIED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 30TH day of September, 2013.

> EWING WERLEIN, JR.
> UNITED STATES DISTRICT JUDGE