IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RICHARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1394 |
| | § | |
| TEXAS CIVIL COMMITMENT OFFICE, | § | |
| f/k/a/ OFFICE OF VIOLENT | § | |
| SEX OFFENDER MANAGEMENT,[1] | § | |
| ALLISON TAYLOR, LISA WORRY, | § | |
| DEBORAH MORGAN, ALICE JAUREGUI, | § | |
| PONDRAY MATHIS, BILLY BARNES, | § | |
| CHRISTIAN SMITH, | § | |
| BARBARA MACNAIR, HOLLY WHITE, | § | |
| MICHAEL WODKINS, DEBRA REED, | § | |
| NICHOLAS EDD, SUSAN POCASANGRE, | § | |
| ERIC PIERSON, SOUTHEAST TEXAS | § | |
| TRANSITIONAL CENTER, and | § | |
| MARSHA MCLANE, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff James Richards, *pro se*, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the terms of his supervision and treatment as a civilly committed person, as imposed and implemented by Defendants, violated his civil rights. *See* Docket Entry No. 155 ("First Amended Complaint"). The Court has previously dismissed, without prejudice, Plaintiff's claims against the following

---

[1] On June 17, 2015, the Office of Violent Sex Offender Management ("OVSOM") was renamed the Texas Civil Commitment Office ("TCCO"). *See* TEX. GOV'T CODE ANN. § 420A.001 (Vernon 2015).

Defendants: Office of Violent Sex Offender Management ("OVSOM"), which was subsequently renamed the Texas Civil Commitment Office ("TCCO") (Docket Entry No. 7); Deborah Morgan, Lisa Worry, Pondray Mathis, Billy Barnes, Susan Pocasangre, Michael Wodkins, and Debra Reed (Docket Entry No. 171); Nicholas Edd (Docket Entry No. 219); and Holly White and Christian Smith (Docket Entry No. 235). The Court has also dismissed all claims against Marsha McLane in her official capacity as moot. See Docket Entry No. 215.

On July 24, 2017, the Court denied Plaintiff's third motion for appointment of counsel. Docket Entry No. 298. On July 26, 2017, Plaintiff filed a notice of appeal of that Order (Docket Entry No. 301). On August 7, 2017, the Court administratively closed this case without prejudice to Plaintiff moving for reinstatement within twenty-one days after the Court of Appeals has rendered its decision on Plaintiff's appeal. See Docket Entry No. 303.

On December 13, 2017, the Court of Appeals dismissed Plaintiff's appeal for want of prosecution. See Docket Entry No. 308. Plaintiff has now filed a motion for voluntary dismissal of all parties and claims. Docket Entry No. 309. Defendant Allison Taylor has filed a response indicating that she is not opposed to the granting of Plaintiff's motion for voluntary dismissal. See Docket Entry No. 310 at 3. The other remaining Defendants, Alice Jauregui, Barbara MacNair, Eric Pierson, and Southeast Texas

Transitional Center, have filed no response; therefore, the motion is deemed unopposed pursuant to Local Rule 7.4.

Because the remaining defendants have answered and filed motions for summary judgment in this case, Plaintiff's motion to dismiss is governed by Rule 41(a)(2) of the Federal Rules of Civil Procedure. As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *See* <u>Elbaor v. Tripath Imaging, Inc.</u>, 279 F.3d 314, 318 (5th Cir. 2002) (citing <u>Manshack v. Southwestern Elec. Power Co.</u>, 915 F.2d 172, 174 (5th Cir. 1990)). If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options: (1) it can deny the motion outright, or (2) it can craft conditions that will cure the prejudice. *See* <u>Elbaor</u>, 279 F.3d at 318. However, absent evidence of prejudice to the non-movant, or of abuse by the movant, a court should generally grant the motion. *See* <u>id.</u>

None of the remaining defendants have indicated that they are opposed to dismissal of this case without prejudice at this time. The Court concludes that Plaintiff's motion should be granted and this case dismissed.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion for voluntary dismissal (Docket Entry No. 309) is **GRANTED** and this case is **DISMISSED** without prejudice; and it is

**ORDERED** that all other pending motions, if any, are **DENIED** as **MOOT**.

The Clerk will enter this Order of Dismissal, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 21st day of February, 2018.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE